UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN AUSTIN CHATMAN,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>N.A.L.S. APARTMENT HOMES, et al.,<br><br>                    Defendant(s). | Case No. 2:15-cv-02077-JAD-NJK<br><br>**REPORT AND** <u>**RECOMMENDATION**</u> |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff submitted a complaint, Docket No. 1-1, as well as a "supplement" to that complaint, Docket No. 3.

**I.      *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When
2  a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
3  complaint with directions as to curing its deficiencies, unless it is clear from the face of the
4  complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
5  1103, 1106 (9th Cir. 1995).

6  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
7  for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
8  essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th
9  Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing
10 that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.
11 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more
12 than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*
13 *v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court
14 must accept as true all well-pled factual allegations contained in the complaint, but the same
15 requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the
16 elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.
17 Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible,
18 the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint
19 are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627
20 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required
21 after *Twombly* and *Iqbal*).

22 Plaintiff's complaint revolves around allegations that employees at an apartment complex
23 have been sharing a YouTube link claiming that the person appearing on that video is Plaintiff, as
24 well as allegedly sharing photo-shopped pornographic images of Plaintiff. *See* Docket No. 1-1 at
25 1-2. Plaintiff alleges that these employees hacked into his cell phone to steal songs he had created,
26 and similarly he appears to allege that they infringed his intellectual property rights when they
27 attributed the stolen songs to another rapper. *See id.* at 2; *see also* Docket No. 3 at 2. Plaintiff
28 alleges that audio and visual recording devices have been installed in his vehicle. *See* Docket No.

3 at 1.  Plaintiff alleges that his employment was terminated.  *See* Docket No. 3 at 1.[1]  Plaintiff alleges that unnamed persons threatened to kill him if he sought legal recourse for the above conduct. *See* Docket No. 1-1 at 2.  Plaintiff seeks $4,000,000 in damages.  *See* Docket No. 1-1 at 2.[2]

Plaintiff's complaint does not identify any particular statute under which he purports to bring claims and more generally fails to state a claim for relief.[3]  Moreover, Plaintiff's claims are sufficiently fantastical that the undersigned believes dismissal is warranted, rather than an ability to amend.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED: November 23, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff does not allege any facts about this termination, including the job at issue, the person(s) who terminated his employment, the company or entity for whom he was working, or the reason(s) why such termination was wrongful.

[2] These allegations are similar to those brought by Plaintiff in another lawsuit.  *See Chatman v. Lewis Operating Corp.*, Case No. 2:15-cv-1485-JAD-VCF (D. Nev.).  In that case, Plaintiff alleged that:

> the Lewis Operating Corporation defamed him because (1) "accusations and rumors of me being a pervert," (2) "hacking my cell phone accounts or the knowledge thereof," (3) denial of any involvement when brought to their attention," (4) consulting law enforcement before complaint has been filed," (5) disrupting my career in music by displaying my image and defaming me publically or knowledge thereof," and (6) "threats on my life and wellbeing due to their involvement."

*See* 2:15-cv-1485, Docket No. 2 (report and recommendation dated April 17, 2015); *see also id.*, Docket No. 3 (dismissing case).

[3] Plaintiff's civil cover sheet references "1983."  *See* Docket No. 1-2.  To the extent he is attempting to bring a claim under 42 U.S.C. § 1983, he has failed to allege, *inter alia*, that Defendants are "state actors."  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988).

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).